## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| L.A., *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 14-6895 (FLW)(DEA) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| | : | |
| JOHN J. HOFFMAN, *et al.,* | : | |
| | : | |
| Defendants. | : | |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Plaintiffs to proceed anonymously in this matter. *See* Dkt. No. 6. Plaintiffs' Motion is unopposed. For the reasons set forth below, Plaintiffs' Motion to proceed anonymously is GRANTED.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs L.A. and Z.R., proceeding *pro se*, filed their Complaint on October 29, 2014, challenging recent amendments to New Jersey's Megan's Law which would require the publication of Plaintiffs' information in the sex offender registry (the "Registry").[1] *See* Dkt. No. 1. Both Plaintiffs were previously convicted of sex offenses in the State of New Jersey and designated as Tier I offenders whose conduct "was characterized by a pattern of compulsive and repetitive behavior." *See* Dkt. No. 6. Under their Tier I designation, Plaintiffs were not required to have their information published in the Registry. Since Plaintiffs' convictions, Megan's Law has been amended to require publication in the Registry of information of offenders "whose risk

---

[1] Also named in the Complaint are Plaintiffs Z.Kh., Z.Y., Z.I. and Z.A., who are the minor children of Plaintiff Z.R.

of re-offense is moderate or low and whose conduct was found to be characterized by a pattern of repetitive, compulsive behavior . . . ." N.J. Stat. Ann. § 2C:7-13. Accordingly, the amendment to the statute requires the publication of Plaintiffs' information in the Registry because both Plaintiffs, although designated as having a low-level risk of re-offense, were found to have demonstrated conduct characterized by a pattern of repetitive and compulsive behavior.

In support of their Motion to proceed anonymously, Plaintiffs claim that the disclosure of their identities and the details of their crimes through the present litigation will result in harassment, loss of employment and housing, possible physical abuse and assault and property damage. Plaintiffs assert that being required to disclose their identities in this action will cause them to suffer the exact harm their suit seeks to prevent. Defendants do not oppose Plaintiffs' request.

## II.    DISCUSSION

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Daubney v. Cooper,* 109 Eng. Rep. 438, 441 (K.B. 1829); *Nixon v. Warner Cmmc'ns, Inc.,* 435 U.S. 589, 598–99 (1978). Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Fed. R. Civ. P. 10(a); *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992). Courts have explained that Federal Rule of Civil Procedure 10(a) illustrates "the principle that judicial proceedings, civil as well as criminal, are to be conducted in public." *Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir. 1997). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Blue Cross,* 112 F.3d at 872; Fed. R. Civ. P. 10(a). And, defendants have a right to confront their accusers. *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979). A plaintiff's use of a pseudonym "runs afoul of the

2

public's common law right of access to judicial proceedings." *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000).

While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. *See, e.g., C.A.R.S.,* 527 F.3d at 371 n. 2. The possibility of embarrassment or economic harm to a plaintiff is not enough. *Id.* Instead, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless,* 654 F.3d 404, 408 (3d Cir. 2011) Examples of areas where courts have allowed pseudonyms include cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Id.* Courts must then determine whether the "litigant's reasonable fear of severe harm outweighs the public's interest in open judicial proceedings." *Id.* In connection with this inquiry, the Third Circuit has endorsed a list of non-exhaustive factors including:

> (1) the extent to which the identity of the litigant has been kept confidential;
> (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
> (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
> (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
> (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified;
> (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives;
> (7) the universal level of public interest in access to the identities of the litigants;
> (8) whether, because of the subject matter of the litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
> (9) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 409.

Upon review of the relevant factors, the Court finds that the majority of the factors weigh in favor of permitting Plaintiffs to proceed anonymously in this litigation. Plaintiffs promptly sought to maintain their anonymity by filing the present request on the same day their Complaint was filed, and it does appears that Plaintiffs have diligently attempted to prevent disclosing their involvement in this case to the public. Plaintiffs have raised particularized concerns regarding the fear of harassment and retribution at work and there is no indication that Plaintiffs' fears are unjustified or have been fabricated based on any ulterior motive.

Furthermore, the nature of this case weighs in favor of permitting Plaintiffs to proceed anonymously because "there is a substantial public interest in ensuring that litigants not face . . . retribution in their attempt to seek redress for what they view as a Constitutional violation, a pure legal issue." *Doe v. Unum Life Ins. Co. of Am.*, 2014 WL 1599919 at *2 (E.D. Pa. Apr. 18, 2014). Here, Plaintiffs bring a constitutional challenge to a statute as it applies to a general class of people and therefore the individual facts and circumstances surrounding each Plaintiff are not of central importance to Plaintiffs' claims. Accordingly, because the fact that Plaintiffs are sex offenders whose information is required to be disclosed by the challenged amendment is the only determinative factor as to their status for the purposes of this suit, the public interest in the individual identities of the Plaintiffs does not outweigh Plaintiffs' interests in proceeding anonymously. *See Fross v. Cnty. of Allegheny*, 2008 WL 4610290, at *2 (W.D. Pa. Oct. 16, 2008).

Additionally, although the identities of the Plaintiffs will not be included in the filings in this matter, the public will maintain access to the docket and filings in this case. *See Lozano v. City of Hazleton,* 496 F.Supp.2d at 513 ("There is widespread public interest in this case, but that

interest is focused not on the identities of the plaintiffs, but on the legal issues at the heart of the case."); *Freedom From Religion Found., Inc. v. Connellsville Area Sch. Dist.,* 2013 WL 2296075 (W.D.Pa. May 24, 2013) ("[T]he issue in this case does not turn on the identity of the Plaintiff, and the Court presently does not see how denying Plaintiffs' request will interfere with the public's right to follow the proceedings, which will be kept open to the public while maintaining the confidentiality of the Does' identities ."). Finally, Plaintiffs are not public figures and there is no particularly strong interest in the disclosure of their identities. Accordingly, because the Court finds that the majority of the factors weigh in favor of Plaintiffs maintaining their anonymity, Plaintiff's request to proceed anonymously in this action is GRANTED.

## III.    CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 21st day of July, 2015,

**ORDERED** that Plaintiffs' Motion to proceed anonymously in this matter [Dkt. No. 6] is **GRANTED.**


/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge